UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORETTA ELLIOTT,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY, AN OHIO INSURANCE COMPANY and STANDARD GUARANTY INSURANCE COMPANY, d/b/a ASSURANT<br><br>Defendants. | No. 25 C 09222<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

After a fire destroyed her commercial property, Plaintiff Loretta Elliott ("Elliott") initiated this action against her insurers, Great American Insurance Company ("Great American") and Standard Guaranty Insurance Company d/b/a Assurant ("Assurant"), alleging that Defendants unlawfully denied coverage of her insurance claims. Before the Court is Assurant's motion to dismiss which argues that Elliot's claims against Assurant are untimely pursuant to a contractual limitations provision. For the following reasons, the motion is denied.

## Legal Standard

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). While detailed factual allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

**Background**

On February 18, 2024, a commercial property owned by Elliott was destroyed in a fire. R. 21 at ¶ 8–9. The property, located at 7141 S. Princeton Ave., Chicago, Illinois, was insured by both Defendants. On June 11, 2024, Elliott reported the fire loss to Assurant. *Id.* ¶ 15. As of January 13, 2025, Assurant was investigating the fire loss claim. *Id.* ¶ 16. Although Elliott was not issued a formal denial, she was verbally informed that Assurant would not cover her claim. *Id.* ¶ 17. Elliott brought this action alleging unlawful denial of her insurance claims against Great American in July 2025 and subsequently filed an amended complaint adding Assurant as a defendant on January 7, 2026.

The Assurant policy (the "Policy") states in relevant part:

> 4. Your Duties After Loss. In case of a loss to covered property, you must see that the following are done:
>
> a. Give prompt notice to us or our agent;

b. (1) Protect the property from further damage;
(2) Make reasonable and necessary repairs to protect the property; and
(3) Keep an accurate record of repair expenses;

c. Cooperate with us or our representative in the investigation of a claim;

d. As often as we reasonably require:
(1) Show the damaged property;
(2) Provide us with records and documents we request and permit us to make copies; and
(3) Submit to examination under oath, while not in the presence of any other first named insured, and sign the same;

e. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
(1) The time and cause of loss;
(2) Your interest and that of all others in the property involved and all liens on the property;
(3) Other insurance which may cover the loss;
(4) Changes in title or occupancy of the property during the term of the Policy;
(5) Specifications of damaged residential property and detailed repair estimates.

* * *

11. Action Against Us. No action can be brought unless the Policy provisions have been complied with and the action is started within one year after the date of loss. The one year period for action against us is extended by the number of days between the date the proof of loss is filed with us and the date we deny the claim in whole or in part.

Assurant argues that Count III, the sole count against it, is untimely under the Policy's one-year contractual limitations period. Elliott responds that the

limitations period was tolled under Section 143.1 of the Illinois Insurance Code, which provides tolling of a limitations period "from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." 215 ILCS 5/143.1. Assurant counters that Elliott cannot invoke tolling under Section 143.1 because she never submitted signed-and-sworn proof of loss as required by the Policy.

## Discussion

A limitations defense is an affirmative defense, and a plaintiff is not required to plead facts anticipating and defeating it. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Dismissal on limitations grounds is appropriate only where the complaint establishes all the elements of the defense. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Where facts consistent with the complaint could defeat the limitations defense, the issue ordinarily must await a more developed factual record. *Id.* at 928.

In making its limitations argument, Assurant relies on this Court's decision in *Hae Sun Kang v. Travco Insurance Co.*, No. 24 CV 3391, 2025 WL 1001728 (N.D. Ill. Apr. 3, 2025). There, the Court granted the insurer's motion to dismiss after determining that the plaintiff had not submitted the signed-and-sworn proof of loss required by the policy. *Id.* at *3. In reaching that conclusion, however, the Court relied on the plaintiff's own detailed allegations identifying the information and documents she contended constituted proof of loss, including materials exchanged with the insurer's adjusters and correspondence from her attorney summarizing and supplementing those submissions. *Id.* at *1–2. Because those allegations identified

the materials the plaintiff relied on as proof of loss, the Court could determine from the pleadings that none satisfied the policy's signed-and-sworn requirement. *Id.* at *3.

Here, by contrast, Elliott alleges only that she reported the loss and that Assurant investigated her claim, without identifying the materials furnished during that process. Although Elliott asserts in her opposition brief that Assurant did not request signed-and-sworn proof of loss, that assertion does not necessarily establish that she never submitted it.[1] To be sure, Elliott does not affirmatively allege that she submitted qualifying proof of loss. But she is not required to plead facts defeating Assurant's limitations defense. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("[A] federal complaint does not fail to state a claim simply because it omits facts that would defeat a [] limitations defense."). Even assuming that statutory tolling requires the signed-and-sworn proof described in the Policy, the Court cannot determine from the pleadings that Elliott failed to submit such proof. Accordingly, the pleadings do not establish that Elliott's claim is barred by the Policy's limitations period.

[1] Assurant argues that Elliott's opposition brief "concedes that she in fact never submitted a proof of loss." R. 32 at 2. Although Elliott's argument rests on Assurant's failure to request signed-and-sworn proof of loss, she does not expressly acknowledge that no such proof was submitted. *See* R. 31 at 4. The Court declines to treat her argument as a factual concession at this stage.

## Conclusion

For the foregoing reasons, Assurant's motion to dismiss is denied. Assurant shall answer by December 1, 2026.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: November 5, 2026